IN THE UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

RICHARD CLAUDIO,

      Petitioner

v.

UNITED STATES OF AMERICA,

      Respondent

CIVIL NO. 3:CV-14-1207

(Judge Conaboy)

FILED
SCRANTON

JUL 21 2014

PER _____
      DEPUTY CLERK

## MEMORANDUM
### Background

    This <u>pro se</u> petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 was filed by Richard Claudio, an inmate presently confined at the United States Penitentiary, Florence, Colorado (USP-Florence).[1] Petitioner's request (Doc. 4) for leave to proceed <u>in forma pauperis</u> will be granted for the sole purpose of the filing of his action with this Court.

    Claudio generally alleges that in 2012 he was criminally convicted of assaulting a prison staff member. As a result, he was sentenced to serve a one year and a day term of incarceration. <u>See</u> Doc. 1, p. 2. Petitioner asserts that he was also issued a prison misconduct charge based upon the same incident. The Petition indicates that Claudio was found guilty

---

    [1] The only properly named Respondent in a federal habeas corpus action is Petitioner's custodial official, in this case the USP-Florence Warden <u>See</u> 28 U.S.C. § 2242.

1

of that charge and received sanctions by a Disciplinary Hearing Officer (DHO) which included a loss of good conduct time.

Petitioner argues that being convicted of both a criminal and an institutional disciplinary charge for the same assault constituted a violation of the prohibition against double jeopardy. As relief, Claudio requests that "my sentence of a year and a day imposed on July 2, 2012 be dismissed and an order for my immediate release." See id. at p. 5.

While previously confined at the Canaan United States Penitentiary, Waymart, Pennsylvania (USP-Canaan), Petitioner was indicted in this district with assaulting a USP-Canaan Unit Manager on April 25, 2011. . See United States v. Claudio, Case # 3:11-CR-337. On July 2, 2012, Petitioner entered a guilty plea before Judge James Munley of this Court ans was sentenced to serve a one year and a day term of incarceration which was to run consecutively to the federal sentence which Claudio was already serving.

The docket from Petitioner's criminal case before Judge Munley does not indicate that Claudio either previously filed a direct appeal or a request for relief under 28 U.S.C. § 2255.

## Discussion

### Standard of Review

Habeas corpus petitions are subject to summary dismissal pursuant to Rule 4 ("Preliminary Review") of the Rules Governing

2

Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254 (2004). <u>See</u>, <u>e.g.</u>, <u>Mutope v. Pennsylvania Board of Probation and Parole</u>, 2007 WL 846559 *2 (M.D. Pa. March 19, 2007)(Kosik, J.). The provisions of Rule 4 are applicable to § 2241 petitions under Rule 1(b)). <u>See, e.g.</u>, <u>Patton v. Fenton</u>, 491 F. Supp. 156, 158-59 (M.D. Pa. 1979).

Rule 4 provides in pertinent part: "If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." A petition may be dismissed without review of an answer "when the petition is frivolous, or obviously lacking in merit, or where. . . the necessary facts can be determined from the petition itself. . . ." <u>Gorko v. Holt</u>, 2005 WL 1138479 *1(M.D. Pa. May 13, 2005)(McClure, J.)(quoting <u>Allen v. Perini</u>, 424 F.2d 134, 141 (6th Cir. 1970).

Habeas corpus review under § 2241 "allows a federal prisoner to challenge the 'execution' of his sentence." <u>Woodall v. Federal Bureau of Prisons</u>, 432 F.3d 235, 241 (3d Cir. 2005). A habeas corpus petition may be brought by a prisoner who seeks to challenge either the fact or duration of his confinement in prison. <u>Preiser v. Rodriguez</u>, 411 U.S. 475 (1973), <u>Telford v. Hepting</u>, 980 F.2d 745, 748 (3d Cir.), <u>cert</u>. <u>denied</u>, 510 U.S. 920 (1993). Federal habeas relief is available only "where the

deprivation of rights is such that it necessarily impacts the fact or length of detention." Leamer v. Fauver, 288 F.3d 532, 540 (3d Cir. 2002).

In the present case, Petitioner clearly states that he is attacking the legality of his guilty plea and sentence which was imposed by Judge Munley. There is no claim by Claudio that he is seeking relief with respect to the USP-Canaan disciplinary proceeding.

When challenging the validity of a federal sentence, and not the execution of his sentence, a federal prisoner is generally limited to seeking relief by way of a motion pursuant to § 2255. In re Dorsainvil, 119 F.3d 245, 249 (3d Cir. 1997); Russell v. Martinez, No. 08-3898, 2009 WL 1154194, at *2 (3d Cir. Apr. 30, 2009)("a section 2255 motion filed in the sentencing court is the presumptive means for a federal prisoner to challenge the validity of a conviction or sentence") A challenge can only be brought under § 2241 if "it . . . appears that the remedy by [a § 2255] motion is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). This language in § 2255, known as the safety-valve clause, must be strictly construed. Dorsainvil, 119 F.3d at 251; Russell, 2009 WL 1154194, at *2 (the safety valve "is extremely narrow and has been held to apply in unusual situations, such as those in which a prisoner has had no prior opportunity to challenge his

4

conviction for a crime later deemed to be non-criminal by an intervening change in the law").

"It is the inefficacy of the remedy, not the personal inability to use it, that is determinative." Cradle v. United States, 290 F.3d 536, 538 (3d Cir. 2002). "Section 2255 is not inadequate or ineffective merely because the sentencing court does not grant relief, the one-year statute of limitations has expired, or the petitioner is unable to meet the stringent gatekeeping requirements of the amended § 2255." Id. at 539. See also, Alexander v. Williamson, 2009 WL 1020218, at *2 (3d Cir. Apr. 16, 2009).

Petitioner is clearly challenging the validity of his guilty plea and sentence which was imposed by Judge Munley of this Court. Thus, he must do so by following the requirements of § 2255. As previously noted, there is no indication that Claudio pursued either a direct appeal or a § 2255 motion. Hence, there is no basis for a determination that his § 2255 remedy is inadequate or ineffective.

Furthermore, Petitioner's pending argument is not based upon a contention that his conduct is no longer criminal as a result of some change in the law made retroactive to cases on collateral review. Claudio has also not shown that he was unable to present his claim in a § 2255 proceeding or that it is based upon any newly discovered evidence.

5

As recognized in <u>Pollard v. Yost</u>, No. 07-235, 2008 WL 4933599, at *6 (W.D. Pa. Nov. 18, 2008), for a challenge to a federal conviction to be presented by a federal inmate by way of a § 2241 petition, there must not only be "a claim of actual innocence but a claim of actual innocence coupled with the inability to have brought the claim before because of a change in the construction of the criminal statute by a court having the last word on the proper construction of the statute, which change rendered what had been thought to be criminal within the ambit of the statute, no longer criminal." Clearly, Petitioner has not shown that he was unable to present his present claim on direct appeal or in a § 2255 proceeding. As a result, Claudio's pending argument for relief does not fall within the <u>Dorsainvil</u> exception. <u>See</u> <u>Levan v. Sneizek</u>, No. 08-4116, 2009 WL 997442, at *2 (3d Cir. April 15, 2009); <u>Smith v. Snyder</u>, 48 Fed. Appx. 109, 110-11 (6th Cir. 2002).

Since § 2255 is not inadequate or ineffective to test the legality of Petitioner's conviction, his § 2241 petition will be dismissed without prejudice. This dismissal does not preclude Petitioner from seeking a § 2255 petition in his criminal case before Judge Munley. An appropriate Order will enter.

/s/ Richard P. Conaboy
RICHARD P. CONABOY
United States District Judge

DATED: JULY 21, 2014